# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KASHANA LASSITER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| v. ) | |
| ) | |
| INDEPENDENT ) | JURY TRIAL DEMANDED |
| ADMINISTRATIVE SERVICES, ) | |
| L.L.C. d/b/a AMERILIFE ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Kashana Lassiter ("Plaintiff" or "Ms. Lassiter") and files this Complaint against Independent Administrative Services, L.L.C. d/b/a AmeriLife ("Defendant" or the "company") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

**1.**

This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

**2.**

This Court has personal jurisdiction over Defendant.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and furthermore, a substantial part of the events and/or omissions giving rise to the claims at issue occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4.

Plaintiff has exhausted all administrative requirements necessary to bring her claims. Plaintiff filed an EEOC charge related to her Title VII claims in this case on October 19, 2021. The EEOC issued its Notice of Right to Sue on February 7, 2022.

5.

This action is timely filed with respect to Plaintiff's Title VII claim as less than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue for the same.

## PARTIES

6.

Defendant is a domestic for-profit corporation doing business throughout the United States, including in Atlanta, GA. Defendant is an independent marketing organization or "IMO" and brokerage firm that partners with health and life insurance carriers to market and sell their products to prospective customers. At all relevant times, it employed more than 15 employees.

Plaintiff is a former employee of Defendant who worked for it in various roles for over ten years, most recently as an administrative assistant. Ms. Lassiter is African American.

## STATEMENT OF FACTS

**7.**

Plaintiff began working for Defendant in 2011 based out of one of its Tampa Bay, Florida locations. In August 2018, she moved to Atlanta and began working as an administrative assistant for three of the company's offices in Stockbridge, Macon, and Sandy Springs.

**8.**

Her job duties were varied widely. She might have scheduled meetings, organized paperwork, fielded phone calls, recorded meeting notes, ordered supplies, and so forth, depending on what that particular day required.

**9.**

Towards the end of her employment, Ms. Lassiter became acquainted with a newly hired administrative assistant who worked at the Sandy Springs location named Chelsea Holmes-Robinson. Ms. Holmes is Afro-Latino.

**10.**

In March 2021, Plaintiff was informed that there was going to be a change in management. The new director who would oversee all of the offices at which she worked was a man named Eric Lewis. Mr. Lewis is a white man.

**11.**

Chelsea Holmes-Robinson reported to Plaintiff that in one of the first meetings he had with staff from around the metro-Atlanta area, Mr. Lewis said, "There aren't a lot of people around here who look like me. That's going to have to change," referring to his race versus the mostly African American staff who worked there.

**12.**

Torrey Thompson, an African American Agency Manager who was also present at the meeting, retorted, "We are in Atlanta. What do you expect?" Mr. Lewis replied, "People don't want to buy insurance from people who don't look like me."

**13.**

Just four weeks later, in late April, Mr. Lewis called Ms. Lassiter into a meeting and told her that she was being terminated. She was deeply confused and asked why, because she had never committed any sort of disciplinary infraction and

had worked there for ten years.  Mr. Lewis replied that the company was going in a new direction, and she wasn't coming with it.

14.

Plaintiff later found out that Mr. Lewis had fired Ms. Holmes-Robinson just the day before, also without providing a substantive reason.

15.

Plaintiff subsequently discovered that the vacancy left by her termination was filled by a white woman twenty years her junior with considerably less skills and experience.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16.

Plaintiff incorporates by reference all previous paragraphs of this Compliant as if fully set forth herein.

17.

As an African American, Plaintiff is a member of protected class for purposes of Title VII.

18.

Defendant terminated Plaintiff's employment because of her race, as evidenced by the comments of Eric Lewis proximate to his termination of her and his concomitant firing of Ms. Holmes-Robinson.

19.

Defendant treated Plaintiff disparately on the basis of her race, as evidenced by the fact that she was replaced a short time after her termination by a white woman twenty years her junior and with far less qualifications and experience.

20.

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

21.

Plaintiff incorporates by reference all previous paragraphs of this Compliant as if fully set forth herein.

22.

As an African American, Plaintiff is a member of a protected class for purposes of Section 1981.

**23.**

Defendant terminated Plaintiff's employment because of her race, as evidenced by the comments of Eric Lewis proximate to his termination of her and his concomitant firing of Ms. Holmes-Robinson.

**24.**

Defendant treated Plaintiff disparately on the basis of her race, evidenced by the fact that she was replaced a short time after her termination by a white woman twenty years her junior and with far less qualifications and experience.

**25.**

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment in its favor on each count in this Complaint and demands:

(a)  That judgment be awarded for and in favor of Plaintiff Kashana Lassiter, and against Defendant Independent Administrative Services, L.L.C. d/b/a AmeriLife on Count I for all relief allowable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*;

(b)  That judgment be awarded for and in favor of Plaintiff Kashana

Lassiter, and against Defendant Independent Administrative Services, L.L.C. d/b/a AmeriLife, on Count II for all relief allowable under 42 U.S.C. § 1981.

    (c)    Any and all other relief as the Court deems just and proper.

This 22nd day of March 2022,

        */s/ James M. McCabe*
        James M. McCabe
        Georgia Bar No. 724618
        Graham White
        Georgia Bar No. 535538
        The McCabe Law Firm, LLC
        3355 Lenox Road
        Suite 750
        Atlanta, GA  30326
        Office: (404) 250-3233
        Fax: (404) 400-1724
        jim@mccabe-lawfirm.com

        Attorneys for Plaintiff